# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JANET D. JACKSON,**

        Plaintiff,

v.                                                  Case 2:13-cv-02655-JPM-cgc

**PAYCHEX, INC.,**

        Defendant.

## REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE

Before the Court is Plaintiff Janet D. Jackson's pro se Complaint (Docket Entry "D.E." #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis. (D.E. #3). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

## I. Background

On August 22, 2013, Plaintiff filed a pro se Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.* ("Title VII"). Plaintiff checked boxes on the form indicating that she alleges that her employment was terminated on the basis of her race. (Compl. ¶ 9). Plaintiff describes the circumstances of the discrimination as follows:

1

> I have a daughter who is a severe asthmatic, and I also had FMLA for her, which was approved by the company.
>
> I was burglarized in February and because of where I resided previously.
>
> Two supervisors drove to my previous residence, without my knowledge [and] took pictures of the wrong two windows that were busted out during the burglary and made a false report to the branch manager, alleging that I violated the Code of Ethics.
>
> Violation of privacy.

(Compl. ¶ 10). Plaintiff attached to her Complaint her Dismissal and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"), which was dated May 22, 2013. (Compl. Exh. 1).

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment

generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Title VII provides in pertinent part as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000-e.

To successfully state a claim upon which relief may be granted for Title VI discrimination, a plaintiff must only set forth a short and plain statement that he is entitled to relief pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A plaintiff, however, is not required to plead a prima facie case of discrimination under

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz*, 534 U.S. at 500.

Upon review, while Plaintiff's Complaint purports to allege claims of discrimination on the basis of race, Plaintiff provides no factual support whatsoever for such claims. In fact, Plaintiff's Complaint neither mentions her race nor mentions any facts surrounding her alleged termination based upon race. Instead, Plaintiff briefly references only two issues. First, Plaintiff states that she utilized the Family Medical Leave Act ("FMLA") to care for her asthmatic daughter, but Plaintiff clearly alleges that this was "approved by the company." Thus, as Plaintiff alleges that she was properly allowed FMLA leave, Plaintiff has failed to allege any unlawful employment action. Second, Plaintiff alleges that two supervisors took photographs of damage to a burglary of her home alleging that she violated the "Code of Ethics." Plaintiff further alleges that this violated her privacy. However, Plaintiff does not allege in any way how her race played any role in this incident. Accordingly, it is recommended that Plaintiff's Title VII claim fails to state a claim upon which relief may be granted and that Plaintiff's Title VII claim be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

**III. Certification of Appealability**

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the

district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 7th day of October, 2013.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28**

U.S.C. § 636(b)(1)(C). **FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**